## COMMONWEALTH *vs.* JEREMIAH MURPHY.

Plymouth.    October 16, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Sale of Intoxicating Liquors — Evidence for Jury.*

At the trial of a complaint for unlawfully keeping for sale intoxicating liquors, there was evidence that the defendant was heard to tell a companion at an agricultural fair to button up his coat; that the defendant then stationed himself behind one of several carriages, and his companion went with others between them; that the companion took from his pocket a tumbler and a bottle, such others drinking therefrom, and one of them giving to him what he called a half-dollar; that the defendant then secured an addition to the party, and the transaction was repeated; that the defendant and his companion did not drink on either occasion; that the companion was then arrested, and after he was taken away one of those who drank was seen to hand something to the defendant; that at the lockup the companion, upon being searched, was found to have on his person a tumbler and several bottles containing intoxicating liquors; that the defendant came to the lockup, asked what his companion was arrested for, and got in the way of the officers, who took his name, as they said they might want him "for the same purpose"; and that the defendant testified at the trial of his companion that he contributed to the purchase of the liquor, and filled the bottles with it in his own room at a distance from the fair grounds. *Held,* that there was evidence tending to show that the defendant was guilty of the offence, and the case was properly submitted to the jury.

COMPLAINT for the unlawful keeping for sale of intoxicating liquors. At the trial in the Superior Court, on appeal, before *Staples,* J., evidence was introduced tending to prove the following facts.

The defendant and one McDonald, with others, were seen walking together on the Agricultural Fair grounds in Brockton, when Murphy was heard to say to McDonald, " You damn fool, button up your coat." The defendant then stationed himself behind one of several carriages there standing, while McDonald, with the others, went in between them; and McDonald took a tumbler and a bottle from his pocket and passed them to one of those with him, and all of them drank except McDonald and the defendant; after which, one of those who drank gave McDonald what he called a half-dollar. Subsequently the defendant and McDonald, with others, one of whom joined them upon being

spoken to by the defendant, repeated the same operation. Again neither the defendant nor McDonald drank anything. McDonald was then arrested by a police officer and taken away, after which one of those who had drunk was seen to hand something to the defendant, but what it was did not appear. At the lockup McDonald was searched, and a tumbler and three bottles containing intoxicating liquors were found in his pockets. While McDonald was being searched, the defendant came in and wished to know what McDonald was arrested for, got in front of the officers, and was pushed out of the way, and his name was taken by them, as they then said he might be wanted "for the same purpose." At the trial of McDonald, the defendant testified that he was one of the parties who contributed to buy the liquor, and filled the bottles with it out of a jug at his room, three quarters of a mile distant from the fair grounds.

The judge refused to rule, as requested by the defendant, that there was no evidence to warrant a conviction, and submitted the case to the jury, under instructions not otherwise excepted to.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

BY THE COURT. There was evidence tending to show that the defendant was guilty of the offence charged. The case was properly submitted to the jury.

*Exceptions overruled.*